FALL, 1810.
First District.

MACARTY
*vs.*
BAGNIERES.

MOTION DENIED.

### MACARTY vs. BAGNIERES.

*By the Court.* On the sale of a negro it was stipulated, that the vendor would be liable to a warranty, in the sole case of one of the maladies specified in the Civil Code, and the plaintiff states that the negro was, in the knowledge of the defendant, addicted to the habit of running away, a circumstance which was not communicated to him.

If a redhibitory defect be *mala fide* excluded, the vendor remains liable.

THE defendant denies the habit imputed to the negro, and contends that if the fact be determined against him, yet the judgment of the court must be in his favour, because although the habit of running away be a redhibitory vice, yet the liability of the vendor, even in this case, is only an incident, but not of the essence of the contract of sale, and that he might lawfully, and did, stipulate that he should not be liable for this defect.

IT is in evidence that the negro was kept in jail for five months preceding the day of the sale, for running away; but the defendant contends that this is only *one act* of running away, which alone

does not constitute *a habit*. But it appears that soon after the sale the negro ran away again, and the two acts are considered by the plaintiff as evidence of the habit. When the length of the confinement is considered, and when we reflect that it terminated only by the sale, we must believe that the defendant was conscious that the negro had such a habit or disposition to run away, as rendered it dangerous to allow him that degree of freedom, without which a negro is of little service. It appears also that some time before, the defendant had been obliged to send the negro to jail, and we have no evidence, out of the defendant's argument, of the nature of the fault he had committed. We are induced to conclude, from the presumption which rises from the long confinement of the negro, and the unwillingness of the defendant to trust him out of jail, that the negro was addicted to running away, in the knowledge of the defendant. This is a redhibitory defect in the civil code, 359, 367. It was so in the Roman law. *Servus fugitivus vitiosus*, and the plaintiff has cited a number of authorities from the Spanish jurists.

But the defendant contends that the parties have a special contract; the vendor has stipulated that he should not warrant against the defect complained of, and the plaintiff has impliedly renounced his right.

In order that a redhibitory defect may be excluded from among those which give a right of

action to the vendee, it must have been excluded *in good faith* by a particular clause.

THE exception is in good faith, when the vendor, ignorant that the thing sold has a particular defect, stipulates that he shall not be liable to warranty in this respect, under an apprehension that the defect may exist. But if the vendor has knowledge of the defect, and instead of declaring it, as he ought to, stipulates he shall not be liable on account of it, his dissimulation is a fraud which will render him liable to the warranty, notwithstanding the clause derogating to the plaintiff's right. *L.* 14, § 9, *ff. de Ædil. Pothier Contrat de Vente,* 220, *n.* 110.

JUDGMENT FOR PLAINTIFF.