Martin, J.
delivered the opinion of the court. At the request of the defendant, a rehearing has been liad, in this case, on the question whether Horace and Boucaud, two of the slaves sold by the defendant to the plaintiffs, were really in the habit of running away, at the time of the sale, .so as to entitle the plaintiffs to their redhibitory action.
The fact was found, against the defendant, by the jury, in the parish court, and although this circumstance is not conclusive on the appeal, It cannot fail to have some weight.
Horace was purchased by the defendant irt March 1818, and his vendor then expressly ex-eluded the legal warranty against such vices, which the law considers as redhibitory ones, *42 vjz. capital crimes, robbery and the habit of running away. This appears by the bill of sale on record: and the very vendor did declare that Horace ran away from him, and was absent seven consecutive months, during which he went to New York, Liverpool and Charleston, where he was arrested and brought to New Orleans, Where five weeks after he sold him to the present defendant, informing him he was a runaway and was sold as such.
It is in evidence that Boucaud was brought to jail as a runaway, before the sale to the plaintiff, and that he has since run away twice. In the sale of Boucaud to the defendant, the vendor warrants only against the maladies for which the law grants a redhibitory action.
The counsel for the defendant thinks the jury and this court erred in inferring from this testimony that the slaves were in the habit of rum ning away — that one single instance of running away is proven anterior to the sale, which cannot constitute a habit.
As to Horace, trips to New York, ⅜^> Liverpool and Charleston, and an absence of'seven months, which ended by his capture only; the circumstance of his being sold as a runaway $ the information given by the defendant’s vendor, that he was a runaway, justify in our opm.on *43 the conclusion which the jury and this court % , • have taken. ’
As to Boucaud, the circumstance of his having been purchased by the defendant, with a simple warranty of the redhibitory maladies, of his having been committed to jail as a runaway once, would not authorize the same conclusion. But he ran away twice, within a very few days after the plaintiffs purchased him, which raises a presumption, when coupled with the preceding facts, that the habit of running away existed before the sale. Indeed the cases of theses slaves are not easily to be distinguished from that of Macarty vs. Bagneries, 1 Martin, 149. There, there was no evidence of any repeated act of running away before the sale, but the slave had been kept several months in jail, and not liberated therefrom, till the sale, and ran away soon after. Thus, Horace’s voyages to New York, Liverpool and Charleston, and the declaration of his then master, excite as much apprehension and alarm as evidence of three ordinary acts of running away.
It is therefore ordered, adjudged and decreed, that the judgment of this court in this case be certified to the parish court, as if no rehearing had been granted.